[Civ. No. 2886.   Third Appellate District.—December 17, 1924.]

## NEILS P. FABRICIUS, Respondent, v. ANTONE VIEIRA et al., Appellants.

[1] NEGLIGENCE — ACTION FOR DAMAGES — PERSONAL INJURIES RECEIVED WHILE FIXING CAR—CONTRIBUTORY NEGLIGENCE—EVIDENCE. In this action for damages for personal injuries sustained by plaintiff as the result of being struck by defendants' truck while he (plaintiff) was stooping over adjusting the carbureter on his car which was stopped on the side of the highway a short distance beyond the edge of the paved section thereof, the evidence was amply sufficient to show that the defendant truck driver was guilty of actionable negligence which was the proximate cause of plaintiff's injury; and the evidence did not show,

as a matter of law, that plaintiff was guilty of contributory negligence in not parking his car a greater distance from the pavement.

(1) 28 Cyc., p. 47, n. 20.

APPEAL from a judgment of the Superior Court of Contra Costa County. A. B. McKenzie, Judge. Affirmed.

The facts are stated in the opinion of the court.

John J. Allen and Allen C. Cunha for Appellants.

Wilbur S. Pierce and Thomas M. Carlson for Respondent.

FINCH, P. J.—The plaintiff was given judgment against the defendants for damages on account of personal injuries sustained by being struck by a truck owned by the defendant corporation and driven by its employee, defendant Vieira, in the course of his employment. The defendants have appealed.

[1] On a Sunday afternoon at about 3 o'clock the plaintiff, who was driving in a northerly direction along San Pablo Avenue, in Contra Costa County, turned off the paved part of the highway to the right and stopped his automobile. The distance from the left side of the automobile, as it stood there, to the edge of the pavement was not less than eighteen inches nor more than four feet, according to the estimates of the witnesses at the trial. The defendant Vieira estimated the distance to be "three feet, from two and one-half to three feet, not over that." The plaintiff stood in a stooping position at the left side of his automobile for a few minutes adjusting the carbureter thereof, and, while he was in that position, the defendants' truck, also traveling in a northerly direction, struck the plaintiff and caused the injuries of which complaint is made. The only grounds urged for a reversal of the judgment are that the evidence does not show that the defendants were guilty of actionable negligence and that it conclusively appears that the plaintiff was guilty of contributory negligence.

The pavement is eighteen feet wide at the scene of the accident. It appears that there was nothing to have prevented the plaintiff from parking his automobile at a greater distance from the pavement and that he made no effort to observe approaching vehicles while he was adjusting the carbureter. Had he attempted to watch for approaching

machines he probably could have done little else, because the evidence shows there were many automobiles traveling along the pavement in either direction. Some of the witnesses testified that the truck veered to the right as it neared the plaintiff, the right front wheel leaving the pavement, and one witness, the wife of plaintiff, testified that "the truck scraped our machine as it was driving along and went off the highway." The body of the truck did not extend to either side beyond the outer line of the fenders.

There is no doubt as to the sufficiency of the evidence to show that the driver of the truck was guilty of actionable negligence which was the proximate cause of the injury. It is equally clear that the evidence does not show, as a matter of law, that the plaintiff was guilty of contributory negligence. These conclusions so clearly appear from a mere statement of the evidence that further discussion is deemed unnecessary.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.